**YAN YING ZHENG, Ruilin Zhu, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States,[1] Respondent.**

**No. 08–0095–ag.**

United States Court of Appeals, Second Circuit.

July 17, 2009.

Yan Ying Zheng, pro se, Flushing, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, M. Jocelyn Lopez

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**18**

Wright, Assistant Director, Office of Immigration Litigation, Civil Division, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: WALKER, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioners, Yan Ying Zheng and Ruilin Zhu, natives and citizens of the People's Republic of China, seek review of a December 12, 2007 order of the BIA denying their motion to reopen their removal proceedings. *In re Zheng, Zhu,* Nos. A 70 904 411, A 73 652 305 (B.I.A. Dec. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ As an initial matter, Petitioners have waived any challenge to the BIA's denial of their motion to reconsider as untimely because they do not challenge that denial in their brief before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). Petitioners' argument that the BIA erred in failing to consider an unpublished BIA decision submitted as support for their motion to reopen lacks merit because Petitioners explicitly requested reconsideration—and not reopening—in light of that decision. *Compare* 8 C.F.R. § 1003.2(b)(1) *with* 8 C.F.R. § 1003.2(c)(1).

█ We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admoni-

tion that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, the BIA did not abuse its discretion in finding that Petitioners failed to demonstrate *prima facie* eligibility for relief in light of the IJ's prior adverse credibility determination concerning their original family planning claim. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). This Court has found that the BIA may reasonably decline to accord probative weight to documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant's asylum hearing and that determination remains unchallenged. *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007). As the weight afforded to their documentary evidence is properly diminished because of the agency's prior credibility determination, and Petitioners did not seek review of the BIA's prior order upholding the IJ's adverse credibility determination, the BIA reasonably relied on that determination in denying their motion. *See id.; Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (finding that evidence submitted was not material because it did not overcome the IJ's prior adverse credibility determination); *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). The BIA's finding that Petitioners failed to demonstrate *prima facie* eligibility for relief was dispositive of their motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).[2]

---

2. Therefore, remand would be futile even though, as Petitioners assert, the BIA erred in denying their motion, in part, because they failed to demonstrate changed country conditions where they filed a timely motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2), (3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).